IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**IRVIN JAYOINE LEE BAKER,**

        **Plaintiff,**

v.                                                Civil Action No.  5:17cv116
                                                       (Judge Stamp)

**PIERRE LACONTE, Acting Residential
Re-entry Manager, EMILY GILLESPIE,
Director of Dismas Charities Clarksburg,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. Introduction

On July 31, 2017, the *pro se* Plaintiff, who was then a federal prisoner incarcerated at West Virginia's Central Regional Jail, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  ECF No. 1. On that same date, the Plaintiff filed a motion to proceed without prepayment of fees together with his Prisoner Trust Account Report. ECF Nos. 2, 4. On August 23, 2017, the Court entered an order granting the Plaintiff's motion. ECF No. 7. The Plaintiff paid the required initial partial filing fee on September 5, 2017.  This matter is now pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL HISTORY

    **A. Underlying Criminal Conviction in the Northern District of West Virginia case number 3:14cr41.**

1

On July 22, 2014, in the United States District Court for the Northern District of West Virginia, the Plaintiff was one of two defendants named in a five-count indictment which included a forfeiture allegation. On September 7, 2014, Plaintiff signed a plea agreement by which he agreed to plead guilty to Court Four of the indictment charging him with distribution of a quantity of heroin, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(C). ECF No. 43[1]. The plea agreement included a forfeiture provision in the amount of $16,000. On September 15, 2014, Plaintiff entered a guilty plea pursuant to the terms of the agreement. ECF No. 44. On December 17, 2014, the District Court entered Judgment which sentenced Plaintiff to 63 months of incarceration, with credit for time served since August 15, 2014, followed by three years of supervised release. Id. at 2.

**B.    The Bivens Complaint.**

The complaint is sparse at best. However, it appears that Plaintiff is complaining that he was removed from a halfway house program and placed in the regional jail before he had a disciplinary hearing. The complaint alleges three grounds for relief: (1) "Violation of due process"; (2) "Discrimination"; and (3) "Eighth Amendment". ECF No. 1 at 7 – 8. For relief, the Plaintiff asks to be placed in another halfway house program[2] and be compensated for loss of wages and funds spent while at the regional jail.

### III. Standard of Review

**A.    Pro Se Litigants.**

---

[1] In II.A., all ECF numbers referred to are for case number 3:14cr41.

[2] Because the Plaintiff has been released from the custody of the BOP, this request is now moot.

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### IV. Analysis

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

3

Pursuant to Bivens, a federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. However, a Bivens cause of action cannot be brought against an individual actor who is not a federal employee or agent, and specific allegations must be brought against each named actor. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3d Cir. 1988) ("section 1983 claims[4] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'"). Plaintiff has named as defendants two individuals as defendants: Pierre Leconte and Emily Gillispie.

Pierre LeConte is identified as an employee of the Federal Bureau of Prisons ("BOP"), who is the Acting Residential Reentry Manager at the BOP's Baltimore Residential Reentry Office. ECF No. 1 at 2. Consistent with the requirements of Malesko, Mr. LeConte is an individual actor who is also a federal agent. However,

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

4

aside from naming Mr. LaConte as a Defendant, he is not mentioned again in the complaint, and therefore there are no allegations of any actions by Mr. LeConte which allegedly violated any of the Plaintiff's rights. Because Mr. LeConte is not alleged to have committed any violation of Plaintiff's Constitutional rights, he is improperly named as a defendant in this <u>Bivens</u> action and must be dismissed.

Emily Gillispie is identified by Plaintiff as the Director of Dismas Charities. ECF No. 1 at 2. According to its website, Dismas Charities was founded in 1964, is headquartered in Louisville, Kentucky, and is a not-for-profit provider which "operates 33 state and federal residential re-entry centers and support offices in 14 states." Employees of Dismas Charities are not federal employees or federal agents. (<u>www.dismas.com/about/</u>). Therefore, Emily Gillispie is improperly named as a defendant in a <u>Bivens</u> action and must be dismissed.

### V. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** against Emily Gillispie as an improper defendant and **DISMISSED WITHOUT PREJUDICE** against Pierre Leconte as a proper defendant against whom no individual violations are alleged.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of

the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 16, 2018

/s *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

6