```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

IRVIN JAYOINE LEE BAKER,

    Plaintiff,

v.                                Civil Action No. 5:17CV116
                                              (STAMP)
PIERRE LACONTE, Acting
Residential Re-entry Manager
and EMILY GILLESPIE, Director
of Dismas Charities Clarksburg,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DISMISSING THE COMPLAINT</u>**

I. <u>Background</u>

The pro se[1] plaintiff filed this civil action asserting three claims under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). ECF No. 1. This complaint arises out of the plaintiff's removal from a halfway house program and placement in West Virginia's Central Regional Jail. ECF No. 1 at 8. The plaintiff alleges (1) violation of due process, (2) violation of his eighth amendment rights, and (3) discrimination. ECF No. 1 at 7-8. Although the plaintiff has not exhausted administrative remedies, he contends that it is because he "was not given the opportunity to do anything before [he] was transferred." ECF No.

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014).

1 at 6. The plaintiff requests relief in the form of lost wages and funds for time spent in the regional jail. ECF No. 1 at 9.[2]

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge entered a report and recommendation. ECF No. 17. In that recommendation, the magistrate judge found that the complaint contains no allegations against the first defendant, Pierre LaConte. ECF No. 17 at 4-5. Further, the magistrate judge found that the second defendant, Emily Gillespie, is not a federal employee and thus cannot be found liable in a Bivens action. ECF No. 17 at 5. Accordingly, the magistrate judge recommended that the complaint be dismissed with prejudice against Emily Gillespie and dismissed without prejudice against Pierre LaConte. ECF No. 17 at 5.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation.

---

[2]As the magistrate judge noted, the plaintiff also requested to be placed in another halfway house, but this is now moot since the plaintiff is no longer in the custody of the Federal Bureau of Prisons.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III.  Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge.  United States v. Gypsum Co., 333 U.S. at 395.  The magistrate judge correctly held the pro se petition to less stringent standards than those complaints drafted by attorneys.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Upon review, the magistrate judge correctly determined that the complaint contains no allegations about the first defendant, Pierre Laconte, and the second defendant, Emily Gillespie, is not a federal employee.  ECF No. 17 at 4-5.  Therefore, these individuals cannot be found liable in a Bivens action.  ECF No. 17 at 4-5.  The magistrate judge correctly

concluded that the complaint must be dismissed with prejudice as to Emily Gillespie and without prejudice as to Pierre Laconte. ECF No. 17 at 5.

This Court has reviewed the record and the report and recommendation and finds that the findings of the magistrate judge are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 17) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's claim against Emily Gillespie is DISMISSED WITH PREJUDICE and the plaintiff's claim against Pierre Laconte is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   June 18, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE